**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ANTINTO SEANTRE JOHNSON,

    Petitioner,

v.

WARDEN OF CALHOUN STATE PRISON,

    Respondent.

CIVIL ACTION NO.: 2:14-cv-174

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Antinto Johnson ("Johnson"), who is currently housed at Calhoun State Prison in Morgan, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 contesting his convictions obtained in the Appling County Superior Court. (Doc. 1.) Respondent filed an Answer-Response and a Motion to Dismiss. (Docs. 6, 7.) Johnson filed a document which was docketed as a Response to Respondent's Motion to Dismiss as well as a Motion to Stay. (Docs. 10, 11.) For the reasons which follow, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**, Johnson's Petition be **DISMISSED**, without prejudice, and this case be **CLOSED**. It is also my **RECOMMENDATION** that Johnson be **DENIED** a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Johnson was found guilty of aggravated battery, in violation of O.C.G.A. § 16-5-24, and obstruction of a law enforcement officer, in violation of O.C.G.A. § 16-10-24(b), in the Appling County Superior Court on April 23, 2014. (Doc. 8-1, p. 1.) Johnson was sentenced to 20 years'

imprisonment on the battery charge and to five (5) years' probation on the obstruction charge, to be served consecutively. (Id. at p. 60.) On May 19, 2014, Johnson filed a motion for new trial. (Id. at p. 72.) Johnson filed a brief in support of his motion on September 15, 2014. (Id. at p. 84.) The State filed a response on September 30, 2014, and Johnson filed a reply on October 16, 2014. (Id. at p. 91; Doc. 8-2, p. 7.) As of the date Respondent's Motion to Dismiss was filed on February 12, 2015, the Appling County Superior Court had not entered a ruling on Johnson's motion. (Doc. 7-1, p. 2.)

## DICSUSSION

In his Petition, which was filed on December 1, 2014, Johnson maintains he was not allowed to provide his account of events on the date of the offenses for which he was convicted. (Doc. 1, p. 5.) Johnson also objects to the sentence he received, because the other people involved suffered no consequences from the events giving rise to his convictions. (Id. at p. 8.)

Respondent asserts Johnson's conviction is not "final" under Georgia law, and he has not pursued any post-conviction remedies which will be available to him once his conviction is final. Thus, Respondent avers, Johnson's petition is due to be dismissed because he has failed to exhaust his state court remedies. (Doc. 7-1, pp. 2–3.)

**I. Exhaustion**

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a Section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the

applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Johnson has not shown that this Court should entertain his federal petition. Respondent has not waived the exhaustion requirement. In addition, there is no evidence that there is no available corrective process in the State of Georgia. Johnson has filed a motion for new trial with the Appling County Superior Court, and the latest filing on that motion occurred approximately one and a half months prior to the filing of this instant Petition. There has not been an unreasonable amount of time elapsed since the time Johnson filed his motion for new trial and the date of this Report. However, should Johnson believe the Appling County Superior Court has delayed unreasonably in ruling on his motion for new trial, Johnson also has available to him the ability to seek a writ of mandamus from the Georgia Supreme Court to compel the trial court judge to rule on his motion for new trial. O.C.G.A. § 9-6-20; Jackson v. Walker, 206 F. App'x 969 (11th Cir. 2006). Once Johnson's motion for new trial is resolved, he may file an appeal in a Georgia appellate court.

Johnson failed to exhaust his available state remedies prior to filing this Petition, and his Petition should be dismissed, without prejudice. Respondent's Motion to Dismiss should be **GRANTED**.

**II.    Leave to Appeal *In Forma Pauperis* and Certificate of Appealability**

The Court should also deny Johnson leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability ("COA"). Though Johnson has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004) (Tjoflat, J., specially concurring) ("A

district court may *sua sponte* grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in [the district court's] mind."); Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal); Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell,

537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Johnson's petition and Respondent's Motion to Dismiss and applying the certificate of appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a certificate of appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss, (doc. 7), be **GRANTED**. It is also my **RECOMMENDATION** that Johnson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), be **DISMISSED**, without prejudice, and this case be **CLOSED**. I further **RECOMMEND** that Johnson be **DENIED** leave to proceed *in forma pauperis* on appeal and a certificate of appealability. Johnson's Motion to Stay, (doc. 11), is **DENIED**.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Johnson and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of June, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA